# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**DOROTHY M. CARTER,**

        **Plaintiff,**

**-vs-**                                             **Case No. 2:06-cv-212-FtM-99DNF**

**PREMIER RESTAURANT**
**MANAGEMENT d/b/a KENTUCKY**
**FRIED CHICKEN, et al.,**
        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

      This action was originally filed in Case No. 2:02-cv-14-FtM-29DNF. Plaintiff, Dorothy M. Carter filed a "Complaint/ and or Emergency Motion for Reconsideration and for a Hearing and Injunction on Motion/Complaint." On April 25, 2006, the Honorable John E. Steele, United States District Judge entered an Opinion and Order (Doc. 1) which directed the Clerk to open a new case (2:06-cv-212-FtM-99DNF), and required Plaintiff to file an Amended Complaint in the new case. The District Court also found that the Complaint did not state a claim. The District Court determined that Plaintiff failed to comply with Fed.R.Civ.P. 8 by failing to provide a short, plain statement of facts which would provide notice to Defendants of her claims. The District Court also cautioned Plaintiff that she:

> must state what rights under the Constitution, laws, or treaties of the United States or Florida have been violated. It is improper for Plaintiff to merely list constitutional rights or federal rights and/or statutes or state rights and/or statues. Plaintiff must provide support in the statement of facts for the claimed violations. Further, in the

>body of the Amended Complaint Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged claim." (Doc. 1, p. 4).

In response to the Order (Doc. 1), the Plaintiff filed her Amended Complaint, Pauperis Petition and Motion for the Appointment of Counsel (Docs. 10, 11, and 12).

Pursuant to 28 U.S.C. §1915, the Court has the discretionary authority to dismiss an action if the Court is satisfied that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." *See also, Denton v. Hernandez*, 504 U.S. 25,112 S.Ct. 1728, 118 L.Ed.2d 340, (1992). A complaint must contain "a short and plain statement of the claim showing that the pleader [Ms. Carter] is entitled to relief." Fed.R.Civ.P. 8.

Plaintiff fails to comply with Fed.R.Civ.P. 8 and the District Court's Order (Doc. 1) entered April 25, 2006. The first thirteen (13) paragraphs of her Amended Complaint (Doc. 10, pgs. 1-4) set forth a procedural history of the case, and include some complaints concerning the actions of the Clerk's Office. None of these allegations support any cause of action. In paragraphs 14, 15 and 16, the Plaintiff lists statutes and constitutional amendments which she claims all of the defendants violated. (Doc. 10, p. 4). Plaintiff then begins her numbering system again with Count I which allegedly is a count for "Employment Discrimination," however, it contains a variety of factual allegations which are not related to Plaintiff's employment. (Doc. 10, p. 5). Plaintiff claims that she slipped twice on greasy floors at a KFC in the year 2000, and became disabled from these falls. (Doc. 10, ¶1, 2, 3, 8). Plaintiff asserts that she was not sent for emergency care, but eventually did go to DeSoto Memorial Hospital. (Doc. 10, ¶ 3, 9). Plaintiff claims that doctors at the hospital, employees at Hartford Insurance Company, the Premier/KFC, and others were in a conspiracy to defraud her of money. (Doc. 10, ¶10, 11, 12, 13). Plaintiff also includes allegations against the Florida Hospital's Arcadia Therapy Center, and doctors at the S.W. Florida Pain Clinic for "successive injuries." (Doc.

10, ¶15). Plaintiff included allegations against judges, law firms and others relating to a petition she filed with the Division of Administrative hearings, Department of Labor Worker's Compensation Division, and another complaint with the Equal Employment Agency. (Doc. 10, ¶16-24, 28-34). Plaintiff also includes allegations that she filed Florida Bar complaints. and complaints with the State of Florida Commission on Ethics against many individuals. (Doc. 10, ¶24-26). Plaintiff asserts that all of the defendants have defrauded her of medical care, equal pay, and a settlement in her worker's compensation case. (Doc. 10, §27). Plaintiff includes facts concerning a Petition for Benefits with the Division of Administrative hearings, the canceling of a mediation, and allegations that an attorney "hacked" into the Division's computer. (Doc. 10, ¶28-58).

     Plaintiff has failed to state a cause of action and failed to comply with Judge Steele's Order (Doc. 1), dated April 25, 2006. Plaintiff did not provide factual support for her allegations that many statutes and Constitutional Amendments were violated. Plaintiff failed to clearly describe <u>how each named defendant</u> was involved in a violation of a statute or Constitutional Amendment. Plaintiff's Amended Complaint contains rambling accounts of various alleged injuries to Plaintiff which do not put the multiple defendants on notice of the claims against them. Therefore, it is respectfully recommended that the Motion to Proceed *In Forma Pauperis* (Doc. 11) be denied, the Motion for the Appointment of Counsel be denied (Doc. 11), and this action be dismissed for failure to state a claim upon which relief may be granted.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this __10th__ day of August, 2006.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record