```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

Dorothy M. Carter,

        Plaintiff,

vs.                                Case No.   2:06-cv-212-FtM-99DNF

Premier Restaurant Management; The Hartford; Servicing Agents; Mcconnaughhay, Duffy, Coonrod, Pope & Weaver, Pa; Department of Labor and Employment Security; City of Arcadia Police Department; City of Arcadia Fire Department; City of Arcadia Water Department; Bruce L. Collins; DeSoto County Sheriff's Department; State Attorney; DeSoto Memorial Hospital; Florida Hospital; Associates of Bruce L. Scheiner; Goldberg, Racila, Sico & Noone; Vincent Luciente Associates; Timothy Wayne Rogers; Anthony J. Shydohub;Community Care Family Clinic; Public Service Commission; Sprint Communications, Inc.; Mike Rodgers; Smoke Signal Communications; Eckerd Drug Stores; EEOC; U.S. Postal Inspectors; Clerk of Court 12th Judicial Circuit; David K. Oliveria; Elizabeth Warren; Florida Power & Light; Bon Secours-St. Joseph's Hospital; Robert Buccholz; AT&T; McLeod USA; John T. Hall; Fawcett Memorial Hospital; U.S. Department of Health & Human Services; Turner, Bodie & Patterson, PA; Lon Arend; Victor M. Arias; Lawrence Bachle; Kenneth Berdick; Charlotte Regional Medical Center; James A. Coker; Iris M. Dubois; Susan L. Fara; Florida Bar Association; Johnny Fugate; Sheryl L. Loesch; Lusk, Drasites & Tolisano, PA; Manatee Rural Healthcare; Keith A. Mann; Agency for Health Care Administration; Division of Administrative Hearings;

Division of Financial Services; Department of Children and Family Services; U.S. Postal Services; Division of Worker's Compensation; Division of Insurance Fraud; Second Chance Phone; Social Security Administration; Mann Employer's Group; Department of Health; Mitzie McGavic

## OPINION AND ORDER

This matter comes before the Court on Emergency Motion to Reinstate Case and Motion for Reconsideration Order Denying Emergency Injunction and Restraining Order and Report and Recommendation of Magistrate Douglas N. Frazier (Doc. #20) filed on September 8, 2006. Plaintiff requests that the Court reconsider its August 25, 2006, Order denying her Emergency Motion for Injunction and Restraining Order and Motion to Strike Report and Recommendation of Magistrate Douglas N. Frazier (Doc. #17). Plaintiff also seeks reconsideration of the Court's August 28, 2006, Opinion and Order adopting the Report and Recommendations, denying plaintiff's motion to appoint counsel and denying plaintiff's motion for leave to proceed *in forma pauperis* (Doc. #18).

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)(citing Taylor Woodrow

Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

"A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based. Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. of Hillsborough County,

Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993).  Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied.

Plaintiff contends that reconsideration is necessary to correct clear error and prevent manifest injustice.  In support of this contention, however, plaintiff has done no more than reargue the merits of her position in the Emergency Motion for Injunction and Restraining Order and Motion to Strike Report and Recommendation.  The Court has rejected that position and plaintiff has provided no reason to reconsider that decision.  Thus, the Court concludes that plaintiff's motion is due to be denied.

Accordingly, it is now

**ORDERED**:

Emergency Motion to Reinstate Case and Motion for Reconsideration Order Denying Emergency Injunction and Restraining Order and Report and Recommendation of Magistrate Douglas N. Frazier (Doc. #20) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of September, 2006.

JOHN E. STEELE
United States District Judge

Copies:
Parties of record